

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2008

# USA v. Pfund

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Pfund" (2008). *2008 Decisions.* Paper 522.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/522

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4892
_____

UNITED STATES OF AMERICA

vs.

NICOLE PFUND,
a/k/a KELLY LASEY,
a/k/a JAMIE HART,
a/k/a TABITHA RASTELLI,
a/k/a STACEY MONTY,
a/k/a DIANE COSTELLO,
a/k/a DANA EISENHOWER

Nicole Pfund, Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 06-cr-00023)
District Judge:  The Honorable Kent A. Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008

BEFORE: SLOVITER, FUENTES, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, Nicole Pfund, pleaded guilty to one count of bank fraud, a violation of 18 U.S.C. §§ 1344(1) and 2. She was sentenced to one hundred months' imprisonment and five years of supervised release. Pfund was also ordered to pay restitution in the amount of $36,149.06 to her victims. She appeals her sentence as procedurally and substantively unreasonable. We will affirm.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review a sentence for reasonableness. The record on appeal indicates that the District Court reasonably considered and applied the Section 3553(a) factors in determining Pfund's sentence, including her argument for a variance. The sentence imposed was within the range suggested by the guidelines, notably at the low end of that range. Further, the District Court made adequate findings on the record, reflecting its meaningful consideration of the factors set out in 18 U.S.C. § 3553(a).

Having determined that the District Court gave "meaningful consideration" to the relevant factors, we find that the District Court did not abuse its discretion in applying them to Pfund. *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006), cert. denied, 127 S.Ct. 600 (2006). The District Court's sentence was within the Guidelines

2

range for the offense level to which Pfund agreed, and the District Court clearly articulated its reasons for sentencing Pfund. Accordingly, we reject Pfund's claim that the sentence imposed was unreasonable and will affirm the District Court.